**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARTAK GHULYAN,

　　　　　　　Petitioner,

　　　v.

ERIC H. HOLDER, Jr., Attorney
General,

　　　　　　　Respondent.

No. 08-71097

Agency Nos. A097-355-197

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2012[**]
Pasadena, California

Before:　D. W. NELSON and O'SCANNLAIN, Circuit Judges, and SINGLETON,
Senior District Judge.[***]

　　　Artak Ghulyan, a thirty-four-year-old native and citizen of Armenia,

petitions for review of the Board of Immigration Appeals's ("BIA's") order

---

　　　[*]　　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　[**]　　　The panel unanimously finds this case suitable for decision without
oral argument.　*See* Fed. R. App. P. 34(a)(2).

　　　[***]　　　The Honorable James K. Singleton, Senior United States District
Judge for the District of Alaska, sitting by designation.

dismissing his appeal from an Immigration Judge's ("IJ's") decision denying Ghulyan's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review an IJ's "credibility findings under the deferential substantial evidence standard." *Kebede v. Ashcroft*, 366 F.3d 808, 810 (9th Cir. 2004) (internal quotation marks omitted). We "accord special deference to an IJ's credibility determination, and will only exercise our power to grant a petition for review when the evidence 'compels a contrary conclusion.'" *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005) (quoting *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003)). However, Ghulyan filed his application for relief before May 11, 2005, the effective date of the REAL ID Act. *Kaur*, 418 F.3d at 1064 n.1. The REAL ID Act significantly changed our review of an IJ's adverse credibility determination. *See id.* ("With the passage of the R[EAL] ID Act, our review of an IJ's adverse credibility finding is significantly restricted.").

When reviewing applications for relief filed after May 11, 2005, credibility determinations may be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010)

("Under the REAL ID Act credibility findings no longer need to go to the heart of the applicant's claim." (alterations, quotation marks, and citations omitted)). This provision in the REAL ID Act, however, is not applicable to Ghulyan's petition for review since he filed his application before May 11, 2005. *See Kaur*, 418 F.3d at 1064 n.1. Thus, our pre-REAL ID Act test concerning adverse credibility determinations governs this petition for review. "While [still] accorded deference, a credibility determination must be supported by a specific, cogent reason," and "will be upheld so long as identified inconsistencies go to the heart of the asylum claim." *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (alterations, quotation marks and citations omitted).

1. Ghulyan contends that the BIA erred in affirming the IJ's adverse credibility determination because the inconsistencies cited by the IJ supporting the adverse credibility finding do not go to the heart of his claim of persecution. We agree.

The IJ first found significant the inconsistency between Ghulyan's testimony that the date of the car accident and subsequent hospitalization was March 14, 2002, and his declaration and medical record, which both note that the accident occurred on June 25, 2002. The IJ stated that when pressed, Ghulyan corrected himself and said that the correct date was June 25, 2002. However, "[i]t is well settled in our circuit that minor inconsistencies that do not go to the heart of an

3

applicant's claim for asylum cannot support an adverse credibility determination."
*Kaur*, 418 F.3d at 1064. Accordingly, Ghulyan's inability "to remember non-material, trivial details that were only incidentally related to [his] claim of persecution" cannot form the basis of an adverse credibility determination. *Id*; *see also Osorio v. INS*, 99 F.3d 928, 931 (9th Cir. 1996) ("[T]rivial errors by an asylum applicant do not constitute a valid ground upon which to base a finding that an asylum applicant is not credible.").

Additionally, the IJ found the discrepancy concerning the length of time Ghulyan spent in the hospital also undermined his credibility. Ghulyan testified he only spent a couple of days in the hospital, but his declaration stated he was hospitalized for three weeks. When pressed by the IJ at the merits hearing, Ghulyan said that he was hospitalized for only a few days. We have consistently held that "minor discrepancies . . . that cannot be viewed as attempts by the applicant to enhance her claims of persecution have no bearing on credibility." *Kebede*, 366 F.3d at 811 (alteration omitted). Here, Ghulyan weakened his claim of persecution by stating that his injuries were not severe enough for him to be hospitalized for three weeks. Thus, this discrepancy cannot serve as a basis to undermine his credibility.

Further, the IJ found Ghulyan not credible because he testified inconsistently

4

about the nature of his injuries during his arrest and detention. Ghulyan first stated he was beaten severely and had broken bones as a result, but later said they were fractured. The IJ noted Ghulyan used the words "crushed bones," but that he ultimately testified he was bruised all over his body with a cut on his face. In any event, whether the beatings fractured his bones or gave him bruises all over his body still does not undermine his story that he was beaten severely. Moreover, by noting his injuries were not as severe, his clarification effectively weakens his claim. This type of minor inconsistency is generally not a proper basis to find an applicant adversely credible. *Kebede*, 366 F.3d at 811.

Finally, The IJ also based its adverse credibility finding on the discrepancy between the Party membership cards. The IJ found it particularly relevant that the cards were issued a month apart and pointed out that Ghulyan's inability to reconcile the dates was significant. The IJ correctly pointed out that if, in fact, the first card was stolen in 2003 as Ghulyan claimed, then his explanation that he tried to get a replacement card in 2003 makes no sense, since the date of issue of the replacement card was 2000, almost three years before his father's arrest.

The discrepancy between the Party membership cards and Ghulyan's inability to explain their issue dates presents a much closer call than the other inconsistencies cited by the IJ. While it certainly undermines Ghulyan's

5

statements about his father's arrest, the discrepancy does not undermine his claim that he was arrested, detained, beaten, and threatened as a Party activist. Although post-REAL ID Act this discrepancy likely would support the basis of an adverse credibility finding, under our pre-REAL ID Act precedent, this discrepancy does not go to the heart of Ghulyan's claim of persecution and therefore may not serve as a proper basis to support the IJ's adverse credibility finding. Accordingly, the IJ's adverse credibility finding is not supported by substantial evidence.

2.     Substantial evidence supports the BIA's finding that Ghulyan has failed to establish his eligibility for protection under the CAT. In order to be eligible for "withholding of removal under the CAT, an alien must show that it is 'more likely than not' that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (citing *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001); 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1)). Here, Ghulyan produced no evidence showing that it is more likely than not that he will be tortured if returned to Armenia. Thus, the BIA's denial of Ghulyan's CAT claim is supported by substantial evidence.

**GRANTED** in part, **DENIED** in part, and **REMANDED**.

*Ghulyan v. Holder*, No. 08-71097

O'SCANNLAIN, Circuit Judge, dissenting in part.

I agree with the court that substantial evidence supports the Board of Immigration Appeals' ("BIA") determination that Ghulyan has failed to establish his eligibility for protection under the Convention Against Torture.

Nevertheless, I respectfully dissent from the decision to remand this case to the BIA. Review of adverse credibility findings, even outside the REAL ID Act context, is extremely deferential. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005) (court can only grant petition for review when "the evidence compels a contrary conclusion" (internal citations and quotation marks omitted)). The unreconciled inconsistency as to Ghulyan's multiple, conflicting party membership cards is, on its own, enough to require upholding the BIA's finding. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) ("[S]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." (internal citations and quotation marks omitted)).

Because this inconsistency went to the heart of his claim—which is premised on his membership in the party and his status as a political activist—I would dismiss Ghulyan's petition for review.