UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLAUDIEN FRANCOIS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-70004

Agency No. A209-129-571

ORDER

Before:  GOULD and FRIEDLAND, Circuit Judges, and BOUGH,[*] District Judge.

The Memorandum Disposition filed on December 22, 2020 is amended as follows.

The citation on page 2 stating <"*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (citation omitted).">.  is replaced with: <"*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966).">.

The sentence on page 2 stating <"We may not "reweigh the evidence" to make our own determination but must instead determine if the evidence compels a conclusion contrary to the agency's. Singh v. INS, 134 F.3d 962, 969 n.14 (9th Cir. 1998)."> is followed by: <"We affirm an adverse credibility determination only if it

---

[*]    The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

is supported by the totality of circumstances. *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).">.

The sentence on page 3 stating <"Substantial evidence supports the adverse credibility determination made by the IJ here. Zamanov v. Holder, 649 F.3d 969, 973 (9th Cir. 2011).">  is replaced with: <"Under the totality of circumstances, substantial evidence supports the IJ's adverse credibility determination here. *Alam*, 11 F.4th at 1137.">.

Footnote 1 on page 3 is removed.

The citation on pages 2-3 stating < "*See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2010).">  is replaced with: <"*See Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1092-93 (9th Cir. 2014).">.

The citation on page 5 stating <"*Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004), *superseded by statute on other grounds as stated in Ghulyan v. Holder*, 500 F. App'x 695 (9th Cir. 2012).">  is replaced with: < "*Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004), *superseded by statute on other grounds as stated in Flores v. Garland*, No. 15-72997, 2022 WL 3359276, at *2 (9th Cir. Aug. 15, 2022).">.

The sentence on page 5 stating: < "For these reasons, the IJ's adverse credibility determination was supported by substantial evidence, and so the petition for review is **DENIED.**">  is replaced with: <"The IJ cited additional inconsistencies in its adverse credibility determination that the BIA did not mention in its order.  We

need not discuss these other stated grounds, however, because Francois' omission in his border interview is alone sufficient to support the agency's credibility determination under the totality of circumstances. *See Kumar v. Garland*, 18 F.4th 1148, 1155 (9th Cir. 2021) (noting that omissions with a tendency to show that a petitioner fabricated his claim of persecution "weigh particularly heavily" in the post-*Alam* adverse credibility inquiry).">.

The sentence < "The Petition for Review is **DENIED.**"> is added as the last sentence of the memorandum disposition.

The prior filed memorandum disposition shall be withdrawn and replaced by the memorandum disposition as amended by this order, a copy of which is attached.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLAUDIEN FRANCOIS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-70004

Agency No. A209-129-571

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2020[**]
Seattle, Washington

Before:  GOULD and FRIEDLAND, Circuit Judges, and BOUGH,[***] District
Judge.

Claudien Francois, a citizen and native of Haiti, petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of his appeal from the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

Immigration Judge's ("IJ") denial of Francois' application for asylum, withholding of removal, and CAT protection. Because the parties are familiar with the facts and procedural history of the case, we do not recite them here. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Where the BIA relies on the IJ's order but does not merely provide a boilerplate opinion, we review "the reasons explicitly identified by the BIA," but do not "review those parts of the IJ's adverse credibility finding that the BIA did not . . . otherwise mention." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). When reviewing administrative findings, factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Just because two inconsistent conclusions can be drawn from the evidence "does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). We may not "reweigh the evidence" to make our own determination but must instead determine if the evidence compels a conclusion contrary to the agency's. *Singh v. INS*, 134 F.3d 962, 969 n.14 (9th Cir. 1998). We affirm an adverse credibility determination only if it is supported by the totality of circumstances. *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).

Asylum applicants must show they meet the definition of a refugee. 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. § 1208.13(a). A refugee is a person who has experienced "[past] persecution," or has "a well-founded fear of [future] persecution on account of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). When applying for withholding of removal, applicants must show that their "life or freedom would be threatened in [the country of removal] because of [their] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

Under the totality of circumstances, substantial evidence supports the IJ's adverse credibility determination here. *Alam*, 11 F.4th at 1137. The IJ based his credibility determination on, among other factors, inconsistencies between statements in Francois' border interview and later statements in his asylum application, credible fear interview, and live testimony. Specifically, Francois asserted at his border interview that he did not have a fear of returning to his most recent home country or his country of origin and that he had entered the United States to seek employment, statements that he now denies having made.

The IJ must consider and address all plausible and reasonable explanations for inconsistencies underlying an adverse credibility determination. *See Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1092-93 (9th Cir. 2014). But the IJ has done so here with

respect to Francois' explanation that the border patrol agent did not ask him about his fear of returning to his home country and wrote down an answer to a question that was never asked. After addressing and reasonably rejecting this explanation, the IJ noted the unlikelihood that Francois would flee to the United States for safety but not mention this fear to the border patrol agent. These were not simply supplemental details that were omitted, but crucial details undermining Francois' credibility.

Francois' argument that the IJ improperly treated the border interview transcript as "infallible" is also wrong. Authenticated border interview statements are presumptively reliable, *see Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995), and the totality of the circumstances here does not disrupt that presumption. *See Matter of J-C-H-F-*, 27 I. & N. Dec. 211, 214 (BIA 2018). Although Francois' allegations of being strip searched before his interview could qualify as a "special consideration[]" that "may affect the reliability of his . . . answers," Francois' form I-867A and I-867B nevertheless contain multiple indicia of reliability that the BIA considered, including all of the factors discussed in *Matter of J-C-H-F-*. *Id.*; *see also Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005). The IJ implicitly considered Francois' allegations but rejected them, concluding that other than his "uncorroborated assertions, nothing in the record supports" the inference that the border interview contained "information that is inaccurate or was obtained by

coercion or duress." The agency's evaluation comports with *Matter of J-C-H-F-*'s instruction to give weight to such special considerations, and we must give it deference.

Francois asserts that because the border interview is a limited screening designed only to identify the existence of a fear, the agency erred by expecting his interview to include additional details. This argument is also unavailing. This case is different from ones where the asylum seeker simply fails to "divulge every detail of the persecution he or she sustained," because Francois instead "affirmatively denied any mistreatment." *Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004), *superseded by statute on other grounds as stated in Flores v. Garland*, No. 15-72997, 2022 WL 3359276, at *2 (9th Cir. Aug. 15, 2022).

The IJ cited additional inconsistencies in its adverse credibility determination that the BIA did not mention in its order. We need not discuss these other stated grounds, however, because Francois' omission in his border interview is alone sufficient to support the agency's credibility determination under the totality of circumstances. *See Kumar v. Garland*, 18 F.4th 1148, 1155 (9th Cir. 2021) (noting that omissions with a tendency to show that a petitioner fabricated his claim of persecution "weigh particularly heavily" in the post-*Alam* adverse credibility inquiry).

The Petition for Review is **DENIED.**

5